# Supreme Court of the Navajo Nation

## In the Matter of the Petition of
## Jimmie Austin Sr.
## for a Writ of Habeas Corpus.
### Decided July 1, 1998

## OPINION

Before YAZZIE, Chief Justice, SLOAN and R. BEGAYE, Associate Justices by designation.

Tom Laughter, Esq., Shonto, Navajo Nation (Arizona), for the Petitioner.

Opinion delivered by YAZZIE, Chief Justice.

This Petition for Writ of Habeas Corpus requires us to interpret the provisions of 9 N.N.C. § 1663 (1995 ed.). Essentially, we are asked to decide whether the Kayenta Family Court erred when it sent the Petitioner, Jimmie Austin Sr. ("Petitioner"), to jail for a term of 180 days without first finding that he violated a term of its Temporary Protection Order. We hold that the family court erred and invalidate that part of the Domestic Abuse Protection Order incarcerating the Petitioner.

I

A Petition for a Domestic Abuse Protection Order and motion for immediate Temporary Protection Order were filed against the Petitioner on February 23, 1998. The petition alleged that the Petitioner committed sexual abuse on an elderly lady. On that same day, the family court granted the motion for issuance of a Temporary Protection Order and ordered the Petitioner to appear for a show cause hearing on March 3, 1998. The documents were served on the Petitioner on February 28, 1998.

The Petitioner and the victim appeared at a hearing on the domestic abuse petition on March 3, 1998. The Petitioner admitted all the allegations of the petition at the hearing. The court then entered a Domestic Abuse Protection Order, which ordered as follows: 1) Petitioner shall stay away from the victim's residence and place where the victim conducts daily business; 2) Petitioner is prohibited from abusing, harassing or threatening the victim; 3) Petitioner is prohibited from contacting the victim by any means; 4) Petitioner is prohibited from touching any of the victim's property; and 5) Petitioner shall serve 180 days in

346

jail. The Petitioner was immediately arrested and incarcerated.

The Petitioner filed a Petition for Writ of Habeas Corpus and a motion to stay execution of the jail sentence with this Court. On March 26, 1998, we granted the stay and ordered the Petitioner's release from confinement after finding a reasonable probability that the family court might have erred in ordering a jail sentence. We left the rest of the family court's orders in the Domestic Abuse Protection Order intact. We now decide the merits of the habeas corpus petition.

## II

The Petitioner argues that the family court had no basis to give him a jail sentence using either 9 N.N.C. § 1663(A) or (B), because no complaint was ever filed with the court alleging that he violated any term of the Temporary Protection Order. The family court's final protection order does not state which law it relied on to incarcerate the Petitioner. Neither does the protection order state the reason for sentencing the Petitioner to a jail term. Without these crucial findings, we are left to guess at what law the court used.

### A

According to subsection 1663(A) (1), a person can be charged with the crime of "interfering with judicial proceedings," if "after receiving notice of a protection order," the person "disobeys the order." A Navajo Nation prosecutor must bring the criminal charge against the violator in the district court under this subsection. 9 N.N.C. § 1663(A)(1) and (2).

The Petitioner is right. There is no evidence in the family court record which would justify jailing the Petitioner for the crime of interfering with judicial proceedings. The family court record is also devoid of evidence that either the court or a police officer referred any alleged violation of the temporary protection order to the prosecutor's office for criminal prosecution. 9 N.N.C. § 1663(A)(1)-(3). Since a prosecution for the criminal charge of interfering with judicial proceedings was not commenced by a Navajo Nation prosecutor against the Petitioner, the family court could not use subsection 1663(A) to impose a jail term on the Petitioner.

### B

A person can be held in criminal contempt, after the court finds beyond a reasonable doubt that the person violated a term of a Protection order. 9 N.N.C. § 1663(B)(3). The person may be punished with a jail term of up to 180 days, or a fine of $250.00, or both. *Id.* The family court very likely used this subsection to put the Petitioner in jail.

If that is the case, the family court erred because, like subsection 1663(A), certain conditions have to exist before the court can impose a jail sentence. There is the initial condition that someone must have reason to believe that a person vio-

lated a protection order to start the process. The law requires that a written motion for the issuance of an order to show cause naming the violator be filed; a court hearing to ascertain whether the protection order was violated must be held within fifteen days of the issuance of the order to show cause; and the court must find, using the beyond a reasonable doubt standard, that the person violated the protection order. One of the sanctions is a sentence of up to 180 days in jail. 9 N.N.C. § 1663(B)(1)-(3). Again, the record does not disclose that anyone filed a complaint alleging that the Petitioner violated a term of the protection order. Since the initial condition was not met, there is no basis to order the Petitioner to jail.

The law requires a finding that a person violated a term of a protection order before jail becomes an option. The courts are prohibited from imposing a jail sentence on a person simply on the basis of the person's admission to an allegation in a domestic abuse protection petition. In this case, the family court imposed a jail sentence on the Petitioner without first finding that the Petitioner violated a term of the protection order and that is error.

## III

The Kayenta Family Court's order sentencing the Petitioner, Jimmie Austin Sr., to 180 days incarceration is reversed. We invalidate that part of the Domestic Abuse Protection Order imposing the jail term. The other terms of the protection order are not at issue in this habeas corpus petition and therefore are not affected by this decision.